Cabell, J.
delivered the resolution of the court. The record shews, plainly enough, the grounds of the judgment of the county court, viz. that according to the original return of the sheriff on the execution, it appeared that the forthcoming bond, taken under that execution, was forfeited on the 6th January 1827, whereas the bond on which the motion was made, could not have been forfeited sooner than the 14th February 1827, that being the day on which the property was to be delivered to the sheriff; and, consequently, it did not appear, that there was any execution to justify the taking of the bond on which the motion was made. And although the court, before it pronounced judgment in the case, permitted the sheriff to amend his return on the execution, by striking from it the words “and forfeited;” yet it considered, that that amendment, not having been made until after notice given and proved on the motion, ought not to affect the judgment to be given under that notice.
If the return of the sheriff were susceptible of the construction put upon it by the county court, the judgment of that court would be correct. But it cannot admit of that construction. The date mentioned in the return (January 6th 1827) refers to the time when the execution was levied, and when the bond was taken; and not to the time when the bond was forfeited. The forfeiture of the bond was, of necessity, posterior in point of time. The return was correct and required no amendment. The county court ought, *464 therefore, to have awarded an execution on the bond, unless ...... . . the defendants had shewn some valid objection thereto.
But the circuit court, although it correctly reversed the judgment of the county court, committed an error in the judgment which it proceeded to render. The cases of Irvin, Galt & Co. v. Eldridge, 1 Wash. 162. and Lewis v. Thompson, 2 Hen. & Munf. 104. shew, that a superiour court in reversing a judgment of an inferiour court which overruled a motion for award of execution on a forthcoming bond, ought not to give final judgment for award of execution, where the motion had been overruled by the inferiour court, on a ground, which rendered it unnecessary for the defendant, in the inferiour court, to give evidence of payments, or make any other objections than those involved in the opinion of the inferiour court; unless, indeed, the record shews that the defendants had no such evidence, and no such objections. In the case before us, it is possible that the defendants may have made payments, or may have had other objections than those founded on the sheriff’s first return on the execution.
The plaintiff in error was also entitled to an appeal, as a matter of right; for the inhibition of arbitrary appeals from judgments of the circuit courts, applies only to original judgments rendered by those courts awarding executions on forthcoming bonds, or to judgments affirming judgments of inferiour courts that had awarded such executions, not to a judgment like the present, by which a judgment of the county court, overruling a motion for award of execution, is reversed by the circuit court, and award of execution is then adjudged by the circuit court.
The judgment of the circuit court is therefore reversed, with costs; and the cause is remanded to the circuit court for that court to proceed to judgment on the bond, when the plaintiff in error and his sureties are to be at liberty to oppose the same by proof of payment, or by other legal objections than those founded on the sheriff’s original return on the execution.